# York v. Wertz et al.

*Ambrose R. Campana*, for plaintiff.

*Greevy & Knittle*, for defendants.

WILLIAMS, P. J., February 26, 1955. — Jesse M. York complains because three dogs, owned by three separate people, bark and keep him awake at night. He sues in equity asking that defendants be enjoined and restrained from keeping and harboring their dogs between 8 p.m. and 7 a.m., in such a manner as to cause injury and annoyance to him.

### Findings of Fact

The chancellor finds that each of the defendants did have a dog at the time complained of, that these dogs were chained to separate dog houses, eight feet apart, on a lot adjoining the homes of two of the defendants; that defendants lived in the front of their houses, that the bedroom of the complainer was 150 feet from the first dog house with no obstacle between to break the sound waves; that the dogs did bark at night for long periods of time, disturbing the rest of Jesse M. York.

### Discussion

Courts usually have to tread carefully whenever man's greatest friend is the subject of discussion, and the chancellor in this case has given what he considers mature deliberation to the present dispute.

Noises made by dogs may amount to a nuisance: Chambers v. Walker, 57 Pitts. L. J. 210. When such noises amount to a nuisance an injunction may issue.

The real test as to whether or not a noise is a nuisance to a person in the enjoyment of his property is whether or not it is of such a character as would physically annoy a person of ordinary sensibility.

Did the three dogs make such noise at unreasonable hours as to disturb the repose of plaintiff? Plaintiff testified that the dogs barked incessantly in the early morning, keeping him awake as much as three or four hours. His testimony was corroborated.

The chancellor is of the opinion that the dogs did create such a disturbance as to create a nuisance. They were tied on a vacant lot in a residential section of Montgomery. It is the nature of some dogs to become disturbed upon the prowling of cats or other nocturnal animals. The natural activity of the canine supports the complainer's testimony that when one dog barked they all barked.

Although witnesses for defendants testified that they were not disturbed by the dogs, most of them admitted that there was barking. The difference in the testimony of these people can be fairly accounted for by the difference of temperament and situation.

Many people keep dogs in built-up areas and when ordinances do not interfere they have a right to do so. However, it is incumbent upon them to see that their dogs act in such a way as to not disturb their neighbors.

We think in this case no hardship will be imposed upon defendants. Testimony shows there has been no noise recently.

### Conclusions of Law

Plaintiff is entitled to relief prayed for and an injunction.

*Order of Chancellor*

And now, to wit, February 26, 1955, it is ordered, adjudged, and decreed that an injunction issue enjoining Carl Wertz and Mrs. Carl Wertz, his wife; Nathan Rush and Mrs. Nathan Rush, his wife; James Stiger and Sally Stiger, his wife, from keeping their dogs in such a way as to annoy plaintiff.